CHARLES J. NEWCOMB, Appellant, v. THE OGDEN PLOW
COMPANY, MERCHANTS' NATIONAL BANK OF CEDAR RAPIDS,.
IOWA, AND C. D. HARRISON.

**Land Contract:** REVOCATION.   A contract for the purchase of real.
1    property entered into between plaintiff, the owner of the
property and also the holder of a certificate of sale thereto,
whereby plaintiff is to acquire full title from the other par-
ties, is revoked by the transfer of the certificate of sale to
another who acquires a deed thereunder, the consideration for-
which is claimed by the owner, and may be cancelled at th
suit of the plaintiff.

**Same:** LIABILITY OF VENDEE.   Where the vendor by his own act,
2    though indirectly, places it beyond his power to pass title-
according to his contract, the vendee is not liable for the pur-
chase price though in default in the payment of taxes.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M..
GIBERSON, Judge.

FRIDAY, MAY 22, 1903.

ACTION to secure the cancellation of a contract between
the plaintiff and defendants the Ogden Plow Company and
the Merchants' National Bank for the sale by the plow
company to plaintiff of certain real estate belonging to
the plow company, on which the bank held a certificate of
purchase at execution sale on an indebtedness due to it
from the plow company.   Plaintiff also asked cancellation
of a note given to the plow company for the purchase price
of the premises, and a mortgage upon other property se-
curing payment thereof, and that the mortgage be satis-
fied of record.   The plow company, by cross-petition,.
asked judgment for damages against the bank for having
transferred its certificate of purchase to defendant Har-
rison, thereby depriving the plow company of its right to
redeem the property in pursuance of the agreement entered

into between the plaintiff, the plow company, and the bank, and praying that in the event it shall be found that the right of the plow company to redeem said property from the bank and from said Harrison has been cut off by transfer of the certificate by the bank to said Harrison, and by the acquisition of a title to the property by said Harrison under the sheriff's deed, free from the right of the plow company to make redemption in pursuance of the contract, so that the contract for the sale of the property to plaintiff cannot be specifically performed, judgment be rendered in favor of the plow company and against the bank for the value of the property, less the amount due from the plow company to the bank. The trial court held that Harrison and his grantees took title to the property free from any right of the plow company to make redemption, and rendered judgment in favor of the plow company against the bank for $1,320.50, as loss and damage accruing to the plow company by reason of the failure of the bank to properly care for and protect securities placed with said bank to secure the indebtedness of the plow company, to wit, the contract of sale above referred to of the plow company to plaintiff, and the certificate of purchase upon execution sale of said property, and further found that plaintiff was not entitled to the relief prayed for in his petition. Plaintiff appeals.—*Reversed.*

*W. L. Crissman* and *J. A. Reed* for appellant.

*C. S. Smith* and *Deacon & Good* for appellee Ogden Plow Company.

McCLAIN, J.—The contract between the three parties, the plaintiff, the plow company, and the bank, provided for the conveyance by the plow company to plaintiff of the premises in controversy, for a consideration of $3,200, payable in certain installments, with the condition that, in the event of default on the part of plaintiff to make

any of the payments specified in the contract, either the plow company or the bank might declare the contract forfeited, and the plaintiff should have no right to recover back any payments made, the same to be treated as and for rent for said premises, the effect of such failure being to make the contract a lease; and, as between the plow company and the bank, it was agreed that the bank should continue to hold its certificate of purchase of the property on executor's sale against the plow company, or a deed which it might take for the property in pursuance of the certificate of purchase, as security for the indebtedness of the plow company to it, so long as the payments specified in plaintiff's contract of purchase were made in accordance with the terms of such contract, which was thereby assigned to the bank, with the provision that the payments specified therein should be made to it. The note given by plaintiff to the plow company for the purchase price specified in the contract was also assigned to the bank, and with it the mortgage upon other property of plaintiff to secure the payment of such note. It appears that plaintiff made some payments under the contract to the bank, and that, under the provisions of the contract, he has no right to recover from the plow company any sums of money thus paid, and, on the other hand, that if the plow company has no longer any right of action against the plaintiff, to compel him to pay the remainder of the purchase price stipulated for in the contract, then the contract and the note and mortgage should be canceled, as prayed by plaintiff.

The sole question to be determined, therefore, is whether the right of the plow company to enforce payment of the balance of the purchase price, as against plaintiff, 1; LAND con-. has been in any way lost or extinguished. tract: revo- cation of. Counsel for the plow company do not question the correctness of the proposition advanced by counsel for plaintiff, that only the plow company or the bank could take advantage of the provision in the contract for

forfeiture, and that if a forfeiture has not been declared, or has not resulted from any act of the plow company or the bank, then the plaintiff remains liable under his contract; and, on the other hand, the proposition is not controverted, that if, without the fault of the plaintiff, the plow company and the bank have become unable to carry out the contract to convey the premises on payment of the balance of the purchase price by the plaintiff, then there can be no recovery, as against the plaintiff, of the unpaid portion of the purchase price.     Counsel for plaintiff insist that by the action of the bank in transferring the sheriff's certificate on the property to Harrison, and the acquisition by Harrison of title to the property by a sheriff's deed issued on the maturity of this certificate, it has become impossible for the bank and the plow company to perform the contract, and therefore that it is no longer binding upon plaintiff.     One contention for the plow company is that before Harrison took an assignment of the sheriff's certificate from the bank, he had already acquired a tax title to the premises under a sale for taxes which the plaintiff had agreed to pay, and that the inability of the plow company and the bank to make conveyance is due to plaintiff's own fault in failing to pay such taxes.     However this may be, it appears that the bank did actually transfer its sheriff's certificate on the property to Harrison for a consideration of some $1,300, and that the plow company has claimed the benefit of this consideration, so that it has recognized the fact that the power of the bank and the plow company to make conveyance under the contract above referred to was materially impaired by the act of the bank in transferring such certificate.     It does not follow that if no such transfer had been made, and Harrison had not secured a sheriff's deed, he would have been able to maintain his title to the premises as against any claim of plaintiff.     The act of the bank in transferring the sheriff's certificate, and of the plow company in insisting

upon the benefit of such transfer, certainly operated as a revocation of the contract to convey to plaintiff; and neither of these parties can now say that they are ready and able to perform the contract, and that plaintiff is liable for the balance of the purchase money.

The contention of counsel for the plow company that its judgment against the bank was only for the value of the property, of which it was deprived by the act of the 2. SAME; lia- bank in not continuing to hold such property brlity of vendee. as security, subject to the plow company's right of redemption, and therefore that, while plaintiff is entitled to credit to that extent on the purchase price of the property, as provided for in the contract, he remains liable for the unsatisfied balance to the extent of. some $500, is manifestly unsound. It assumes that plaintiff may be compelled to pay the full purchase price of this property, without any possibility of securing title thereto. Title has irrevocably passed from the plow company and the bank; and that too, as we have seen, by reason of the act of the bank itself, and not merely through failure of the plaintiff to redeem from sales for taxes which he was under obligation to pay. In order to avail itself of the claim that the inability to make title under the contract was due to plaintiff's default in payment of taxes, the plow company should show that through such default alone did an adverse title accrue to Harrison. This it did not and could not do.

We reach the conclusion that by the act of the bank in parting with the sheriff's certificate, under which it held the property as security for the plow company, and the act of the plow company in insisting upon and recovering for its own advantage the consideration received by the bank for such conveyance, the plow company has become completely estopped from collecting any unpaid portion of the consideration provided for in the contract with plaintiff, and represented by the note with mortgage

security, as already described, and that the contract, the note, and the mortgage should be canceled and declared no longer of any validity, and, further, that plaintiff is entitled to have the mortgage satisfied of record in the county where the property is situated on which such mortgage was given. Plaintiff can have such a decree in this court, at his election, or he may have the case remanded to the lower court for a proper decree.—REVERSED.